**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KENNETH DON BARRETT,                )   3:14-cv-00678-HDM-WGC
                                    )
            Petitioner,             )
                                    )   ORDER
                                    )
vs.                                 )
                                    )
WARDEN LEGRAND, et al.,             )
                                    )
            Respondents.            )
_____)

Before the court are the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#5), respondents' motion to dismiss (#11) and exhibits (##12-20), petitioner's response (#24), respondents' reply (#28) and exhibits (#29), petitioner's motion to extend time (#30) and supplement to his response (#31), respondents' motions to strike (##33, 35), and petitioner's motion for leave to correct injustice and supplement exhibits (#34).

**I.   Procedural History**

   **A.   Conviction and Direct Appeal**

On March 20, 1986, in the Eighth Judicial District Court of the State of Nevada, petitioner was charged by information in Case No. 86C073673 (C73673) with burglary, robbery with the use of a deadly

1

weapon, victim 65 years of age or older, and grand larceny auto. (Ex. 12). The following day, petitioner was charged by information in Case No. 86C073702 (C73702) with grand larceny auto, burglary, robbery with the use of a deadly weapon, and attempted murder with the use of a deadly weapon. (Ex. 14). The district court granted the state's motion to consolidate the two informations and try them jointly before the same jury. (Exs. 11 at 5, 33). The petitioner went to trial, and he was found guilty and convicted of all counts. (Ex. 57).

The state filed a notice of intent to seek habitual criminal enhancement and the district court adjudicated the petitioner a habitual criminal. (Exs. 59, 62 (C73702), 63 (C73673)). The court filed the judgment of conviction in C73702 on December 23, 1986. (Ex. 62). Defendant was sentenced to 9 years for grand larceny auto (count 1), 9 years plus an additional 10 for a total of 19 by virtue of being a habitual criminal for burglary (count 2), 14 years plus a consecutive 14 years on the enhancement for robbery with the use of a deadly weapon (count 3), a term of 19 years plus a consecutive 19 years on the enhancement for attempt murder with a deadly weapon (count 4). (*Id.*). The sentence was to run consecutive to the Arizona sentence the petitioner was serving. (*Id.*).

The court filed the judgment of conviction in C73673 on December 30, 1986. (Ex. 63). Defendant was sentenced to a term of 9 years for burglary (count 1), 14 years plus a consecutive 14 years on the enhancement for robbery with the use of a deadly weapon, victim 65 years of age or older (count 2), "an additional TEN (10) years to be added on for a total of NINETEEN (19) years plus NINETEEN (19) years on the enhancement by virtual of being a habitual criminal," and a term of 9 years for grand larceny auto (count 3). (*Id.*). The

2

sentence was to run consecutive to the Arizona sentence the petitioner was serving. (*Id.*).

Petitioner filed a notice of appeal on December 31, 1986. (Ex. 64). While the appeal was pending, the district court *sua sponte* filed amended judgments for both C73673 and C73702 to clarify that the sentences were to run consecutive to petitioner's existing federal sentence. (Exs. 79, 81 (C73673), 82 (C73702)). The Nevada Supreme Court affirmed the convictions, and remanded the case for consolidation of judgments and clarification of which statute the district court used to enhance petitioner's sentence. (Ex. 83). The remittitur issued on July 11, 1989. (Ex. 84).

On September 13, 1989, the district court filed the second amended judgments of conviction. (Exs. 85 (C73673), 86 (C73702)). In C73673, the court clarified that petitioner's sentence for robbery with use of a deadly weapon, victim over 65 had been enhanced pursuant to the deadly weapon enhancement, and not pursuant to the victim 65 years or older or habitual criminal enhancements. (Ex. 85). The court clarified that the habitual criminal enhancement attached to count 2 in C73702, and modified the sentence to, "NINE (9) 9 years plus an additional 10 years attached by virtue of being a habitual criminal for BURGLARY." (Exs. 86, 11 at 50).

**B.   First State Habeas Petition**

Petitioner filed his first state habeas petition on July 6, 1990. (Ex. 91). The court denied the petition on January 17, 1991. (Ex. 97). Petitioner did not appeal. On March 11, 1991, in response to a motion to clarify, the court found the order was a denial for post-conviction relief. (Ex. 11 at 17).

**C.   First Motion for Modification and First Motion for**

3

**Correction of an Illegal Sentence**

On December 3, 1997, petitioner filed his first motion for modification of sentence. (Ex. 116). The court denied the motion on December 18, 1997. (Ex. 117). Petitioner appealed.[1] (Ex. 121).

On December 26, 1997, petitioner filed his first motion for correction of an illegal sentence. Ex. 118). The court denied the motion. (Exs. 120, 125). Petitioner appealed.[2] (Ex. 126).

The Nevada Supreme Court consolidated petitioner's appeals of his motion to correct illegal sentence and motion for modification of sentence. On April 12, 2000, the Nevada Supreme Court dismissed petitioner's appeals in Case Nos. 31690, 31691, 31813. (Ex. 138). The remittitur issued on May 9, 2000. (Ex. 139).

### D. Second State Habeas Petition

On July 27, 1999, petitioner filed his second state habeas petition challenging a disciplinary action that occurred while he was incarcerated. (Ex. 130). On November 22, 1999, the court dismissed in part and denied in part the petition. (Ex. 136). Petitioner did not appeal.

### E. Additional Documents Filed in State Court

Petitioner filed a second motion for modification of sentence on May 10, 2006. (Ex. 140). The court denied the motion and petitioner did not appeal. (Ex. 143).

On March 9, 2009, petitioner filed a third motion for modification of sentence. (Ex. 144). The district court denied petitioner's third motion for modification of sentence on April 20,

---

[1] Nevada Supreme Court Case No. 31690/31691.

[2] Nevada Supreme Court Case No. 31813.

4

2009, and denied his motion for reconsideration on July 30, 2009. (Exs. 147, 155). Petitioner did not appeal.

On April 22, 2014, petitioner filed a second motion to correct an illegal sentence, alleging that he was subject to two enhancements, deadly weapon and habitual criminal. (Ex. 172). On May 14, 2014, the district court orally denied the motion as to C73673, and granted in part as to C73702, amending count 2 to 9 years. (Ex. 11 at 70). On May 23, 2014, the district court filed a third[3] amended judgment of conviction in C73702. (Ex. 177). Consistent with its May 14, 2014 order, the court amended count 2 by removing the habitual criminal enhancement and ordering that the petitioner serve no more than 9 years and no less than 9 years for burglary. (*Id.*). Petitioner appealed.[4] (Ex. 175).

On October 15, 2014, the Nevada Supreme Court affirmed the denial of petitioner's second motion to correct an illegal sentence in C73673, and the partial denial of his second motion to correct an illegal sentence in C73702 (consolidate Case Nos. 65850/65851). (Ex. 198). The Nevada Supreme Court held that petitioner's sentence was properly corrected in C73702 and that the petitioner had failed to demonstrate that his sentence in C73673 was illegal. (Ex. 198). The remittitur issued on November 12, 2014. (Ex. 200).

On October 30, 2014, the Nevada Supreme Court denied as moot petitioner's motion for leave to appear in proper person and an opening brief in each appeal that were received on October 10, 2014. (Ex. 199). The Nevada Supreme Court further denied petitioner

---

[3] The judgment is incorrectly labeled the second amended judgment.

[4] Nevada Supreme Court Case Nos. 65850/65851.

permission to file briefs on the matters.  (Ex. 199).

    **F.   Federal Proceedings**

Petitioner submitted his first habeas petition on or about May 11, 2001.  (Case No. 3:01-cv-00338-ECR-VPC, #6).  He challenged his convictions in C73702 and C73673, alleging, *inter alia*, ineffective assistance of trial and appellate counsel, prosecutorial misconduct, trial court error, juror misconduct, and that his sentences were unconstitutional.  On January 23, 2003, petitioner moved to voluntarily dismiss his petition in order to apply to the Nevada Pardons Board. (*Id.* at #39).  The court granted the petitioner's motion and dismissed the action without prejudice on January 28, 2003.  (*Id.* at #40).

Petitioner commenced this action on December 18, 2014.  (#5). The petition raises two grounds for relief.  Ground one is a claim that the state court should have removed petitioner's use of a deadly weapon enhancement instead of the habitual criminal enhancement in C73673.  Ground 2 is a claim that in C73702, petitioner should have been charged with robbery with a deadly weapon, and not attempted murder with a deadly weapon.  Respondents argue that any allegations regarding petitioner's sentence in C73673 are untimely. Respondents also argue that the petitioner waived his rights to challenge his convictions in C73673 by voluntarily dismissing his first federal habeas petition.  Finally, respondents argue that both grounds 1 and 2 in the petition are unexhausted.

**II.  Standards**

    **A.   Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)imposes a one-year statute of limitations habeas corpus

petitions filed by state prisoners in federal court. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise
> of due diligence.

State prisoners whose convictions became final prior to the AEDPA's enactment had a one-year grace period in which to file their petitions. *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998)(en banc). For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways – either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of time to seek such review." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). When a petitioner pursues a direct appeal to the state's highest court but declines to pursue a writ of certiorari with the United States Supreme Court, the conviction becomes final upon the expiration of time to file a petition for writ of certiorari. *See Jimenez v. Quarteman*, 555 U.S. 113, 119 (2009). Thus, absent tolling

7

or delayed accrual, state prisoners whose convictions became final prior to April 24, 1996, had until April 24, 1997, to file their federal habeas petitions. *Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001).

The one-year time limitation is tolled either equitably or during the pendency of properly filed state petitions challenging the judgment or claim at issue. 28 U.S.C. § 2244(d)(2); *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is available "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288. Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

**B.   Exhaustion**

It is well established that exhaustion is required before a federal court may consider the petition for a writ of habeas corpus. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Both the Supreme Court of the United States and the Court of Appeals for the Ninth Circuit have held exhaustion requires petitioner to present squarely and clearly in his brief the issues that he wanted

8

considered in his appeal. *Castillo v. McFadden*, 399 F.3d 993, 999-1000 (9th Cir. 2005) (citing *Baldwin v. Reese*, 541 U.S. 27, 31-32 (2004)). "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351(1989)).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings *specifically* as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *amended*, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

**III. Analysis**

    **A.   Ground 1**

Ground 1 is a claim that the 5th, 6th, 8th, and 14th Amendments were violated because the state court should have removed his use of a deadly weapon enhancement in C73673 instead of the habitual criminal enhancement pursuant to the rule of lenity. (#5 at 4-5). Petitioner

9

alleges that the state court imposed consecutive sentences as to all of his convictions and that the district court failed to correct his illegal sentences. (*Id.*). Petitioner alleges that the state agreed that the habitual criminal enhancement was improper, but that the state court failed to correct the judgment. (*Id.*).

In case C73673, the last judgment was filed on September 13, 1989, when the state district court entered a second amended judgment of conviction. (Ex. 85). As such, the conviction in C73673 became final prior to the enactment of the AEDPA. See *Jimenez*, 555 U.S. at 119. Therefore, petitioner had until April 24, 1997, to file a federal habeas corpus petition, unless the limitations period was otherwise tolled. Petitioner mailed in his current federal habeas corpus petition to this court on December 23, 2014, more than fifteen years after the federal limitation period expired. (#1). The petition is therefore untimely as to any challenges to petitioner's sentence in C73673.

Petitioner contends in response to the motion to dismiss that his third amended judgment in case C73702 restarts the AEDPA one-year statute of limitations period for both cases C73702 and C73673. (#24 at 12-13). However, the two judgments are separate and independent judgements, and, therefore, the filing of third amended judgment in C73702 does not alter the limitation period for filing his habeas petition in C73673. Additionally, petitioner fails to show that any "extraordinary circumstances" exist in this case to provide a basis for equitable tolling of the federal limitation period.

To the extent that the petitioner challenges his sentence in C73702, respondents correctly argue that petitioner did not raise this claim with the Nevada Supreme Court in either his direct appeal, his

10

first modification of sentence, his first motion for correction of an illegal sentence, or his second motion to correct an illegal sentence. Ground 1 is therefore time barred as to C73673 and unexhausted as to C73702.

### B.   Ground 2

Ground 2 is a claim that the 5th, 6th, and 14th Amendments were violated because it was not the legislative intent to separately punish multiple acts that occur close in time and constitute one course of criminal conduct. The petitioner alleges that the enhancement for use of a deadly weapon should not apply for both robbery and attempted murder. Thus, the petitioner alleges that in case C73702 he should have only been charged with robbery with a deadly weapon, and not attempted murder with a deadly weapon, since the robbery and attemptted murder were part of the same course of criminal conduct.

The court concludes that the petitioner did not raise this claim with the Nevada Supreme Court in either his direct appeal, his first modification of sentence, his first motion for correction of an illegal sentence, or his second motion to correct an illegal sentence. Petition argues instead that both grounds have been exhausted as he filed an opening brief in the Nevada Supreme Court on October 10, 2014. (#24 at 24). However, the Nevada Supreme Court denied petitioner's motion as moot on October 30, 2014, and, therefore, did not consider the motions on the merits. Thus, petitioner failed to exhaust ground two in case C73702. *See Castille*, 489 U.S. at 351.

### IV.   Certificate of Appealability

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1);

Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3f 946, 950-51 (9th Cir. 2006). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). To make this "threshold inquiry," the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the quests are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (first quoting *Slack*, 529 U.S. at 485; then quoting *Barefoot v. Estelle*, 468 U.S. 880, 893 n. 4 (1983)).

This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that respondent's motion to dismiss (#11) is **GRANTED in part**. Ground 1 is **DISMISSED WITH PREJUDICE** as untimely to the extent it challenges his sentence in C73673 and **DISMISSED WITHOUT PREJUDICE** to the extent it challenges his sentence in C73702 as unexhausted. Ground 2 is **DISMISSED WITHOUT PREJUDICE** for petitioner's failure to exhaust his available remedies in state court. The clerk of the court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.

. . .

. . .

. . .

**IT IS FURTHER ORDERED** that petitioner's motion to extend time (#30), respondents' motions to strike (##33, 35), and petitioner's motion for leave to correct injustice and supplement exhibits (#34) are **DENIED as moot.**

DATED: This 23rd day of March, 2016.

_____
UNITED STATES DISTRICT JUDGE

13